UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| LINDA S. STUMP,<br>        Appellant, | DOCKET NUMBER<br>PH-0432-20-0223-I-1 |
| v. | |
| DEPARTMENT OF DEFENSE,<br>        Agency. | DATE: April 19, 2024 |

# THIS ORDER IS NONPRECEDENTIAL[1]

Randolph Elliott, Camp Hill, Pennsylvania, for the appellant.

Owen J. Hoover, New Cumberland, Pennsylvania, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

## REMAND ORDER

The appellant has filed a petition for review of the initial decision, which affirmed her removal for unacceptable performance under 5 U.S.C. chapter 43. For the reasons set forth below, we GRANT the petition for review, VACATE the initial decision, and REMAND the appeal to the Northeast Regional Office for further adjudication consistent with *Santos v. National Aeronautics & Space Administration*, 990 F.3d 1355 (Fed. Cir. 2021).

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

The appellant was a WG-05 Materials Handler for the agency. Initial Appeal File (IAF), Tab 6 at 13. Her job entailed working in a warehouse to stock items and fulfill ticketed orders. *Id*. at 105. The appellant's performance plan consisted of three critical elements – Process Compliance, Work Output Quantity, and Work Output Quality. IAF, Tab 6 at 30-33. Her performance in each element, as well as her overall performance, was rated on a three-tiered scale, ranging from Outstanding to Fully Successful to Unacceptable. *Id*. A rating of Unacceptable in one element would automatically result in a summary rating of Unacceptable. *Id*. at 33.

The focus of the instant appeal is the Work Output Quantity element, which is essentially an employee's rate of production. The agency determines this rate by dividing the number of warehouse production actions (picking and stowing) that an employee has performed by the number of production hours that it took her to perform them. This actual production rate is then expressed as a percentage of a standard rate. This standard rate is the number of warehouse production actions that an employee should be able to perform every hour on average. In this case, the standard rate was 22 actions per hour. Hearing Recording, Track 2 at 21:45 (testimony of the appellant's supervisor). To achieve a rating of Fully Successful, the appellant would need to achieve a production rate of at least 90% of the standard rate. Anything less than that would be deemed Unacceptable. *Id*. at 137.

On March 29, 2019, the appellant's supervisor issued her a 90-day performance improvement plan (PIP) to address her performance in the critical element of Work Output Quantity. *Id*. at 127-29. The notice contained a chart of the appellant's output quantity over the previous 7 months and explained that her monthly production level was unacceptable in 5 of those 7 months. *Id*. at 128. The notice further informed the appellant that her supervisor would meet with her on a weekly basis during the PIP period to discuss her performance and assist her

in organizing and prioritizing her work. *Id*. The appellant was advised that, if she failed to demonstrate acceptable performance during the PIP period (essentially, April, May, and June 2021) and maintain acceptable performance for 1 year, the agency could take action to reassign, demote, or remove her. *Id*. The appellant's production during these 3 months was closely monitored, and she had weekly meetings about it with her supervisor, who kept her apprised of her production rate and advised her on how to improve it. The supervisor also asked the appellant every week whether there was anything more he could do to help, but the appellant always responded that there was not. *Id*. at 36-126.

After the close of the PIP period, on August 6, 2019, the appellant met with her supervisor, who informed her that her production rate during the PIP was 70% and that she had therefore failed to improve her performance to the Fully Successful level. *Id*. at 35. On September 24, 2019, the agency proposed the appellant's removal under 5 U.S.C. chapter 43, for unacceptable performance in the critical element of Work Output Quantity. *Id*. at 21-24. After the appellant responded, the agency issued a decision removing her effective February 19, 2020. *Id*. at 13-20.

The appellant filed a Board appeal, challenging the merits of the agency's action and raising affirmative defenses of disability discrimination and harmful procedural error. IAF, Tab 1 at 4, 6, Tab 11. After a hearing, the administrative judge issued an initial decision affirming the appellant's removal. IAF, Tab 14, Initial Decision (ID). He found that the agency met its burden of proof on each of the elements of its case and that the appellant failed to prove her affirmative defenses. *Id*. at 3-15.

The appellant has filed a petition for review, renewing her disability discrimination claim and arguing that the administrative judge abused his

discretion in one of his witness rulings.  Petition for Review (PFR) File, Tab 1.  The agency has filed a response.[1]  PFR File, Tab 3

## ANALYSIS

At the time the initial decision was issued, the Board's case law stated that, in a performance-based action under 5 U.S.C. chapter 43, an agency must establish by substantial evidence that:  (1) the Office of Personnel Management approved its performance appraisal system; (2) the agency communicated to the appellant the performance standards and critical elements of her position; (3) the appellant's performance standards are valid under 5 U.S.C. § 4302(c)(1); (4) the agency warned the appellant of the inadequacies of her performance during the appraisal period and gave her a reasonable opportunity to improve; and (5) the appellant's performance remained unacceptable in at least one critical element.[2] *White v. Department of Veterans Affairs*, 120 M.S.P.R. 405, ¶ 5 (2013).  The administrative judge addressed each of these elements in turn and found that the agency carried its burden with respect to all of them.  ID at 3-8.  We affirm the administrative judge's findings in this regard.  These findings are supported by the record, and the appellant does not challenge them on petition for review.

---

[1] After the appellant filed her petition for review, the Clerk of the Board sent a standard petition for review acknowledgment letter to the appellant, the appellant's representative, and the agency's representative.  PFR File, Tab 2.  The appellant's copy was sent by U.S. mail to her address of record.  *Id*. at 5; IAF, Tab 1 at 1.  However, her copy of the letter was returned by the U.S. Postal Service as undeliverable, with the explanation "NO SUCH STREET UNABLE TO FORWARD."  Nevertheless, the appellant's representative received an electronic copy of the acknowledgment letter, and we find no indication that the appellant's substantive rights were prejudiced by her failure to receive a copy of the letter personally.  *See Crespo v. U.S. Postal Service*, 53 M.S.P.R. 125, 128-29 (1992) *aff'd*, 996 F.2d 319 (Fed. Cir. 1993) (Table).

[2] In his initial decision, the administrative judge set forth the standard as found in *Kadlec v. Department of the Army*, 49 M.S.P.R. 534, 539 (1991).  ID at 2-3.  This formulation omits the fifth element, i.e., that the agency must show by substantial evidence that the employee's performance remained unacceptable.  Nevertheless, the administrative judge explicitly addressed this element in his initial decision.  ID at 8.

*See* 5 C.F.R. § 1201.115 ("The Board normally consider only issues raised in a timely-filed petition or cross-petition for review.").

Nor does the appellant contest the administrative judge's finding that she failed to prove her affirmative defense of harmful procedural error.  ID at 8-10. The appellant argued that the agency violated the applicable Master Labor Agreement by not addressing her performance deficiencies "as early as possible." ID at 9; IAF, Tab 6 at 3.  However, for the reasons explained in the initial decision, we agree with the administrative judge that the appellant failed to identify any procedural error that the agency made in this regard, much less a procedural error that may have affected the outcome of its decision.  ID at 8-10; *see LeBlanc v. Department of Transportation*, 60 M.S.P.R. 405, 417 (1994), *aff'd*, 53 F.3d 346 (Fed. Cir. 1995) (Table).

The appellant does, however, contest the administrative judge's findings on her status-based disability discrimination claim.  PFR File, Tab 1 at 4.  To prove such a claim, an appellant must show that she is a qualified individual with a disability and that her disability was at least a motivating factor in the agency's action.[3]  *Haas v. Department of Homeland Security*, 2022 MSPB 36, ¶ 28; *Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶ 40.  If the appellant meets her burden, the Board will then inquire whether the agency has shown by preponderant evidence that it still would have taken the contested action in the absence of the discriminatory motive.  If the Board finds that the agency has made that showing, the appellant's relief may be limited.  *Id.*, ¶ 42.

In this case, the administrative judge found that the appellant failed to show that she had a "disability" within the meaning of 29 C.F.R. § 1630.2(g), and even if she did, she failed to show that her disability was a motivating factor in her removal.  ID at 13-15.  Specifically, the administrative judge found that the appellant did not identify her allegedly disabling condition or provide evidence of

---

[3] To receive the full measure of relief available under the statute, an appellant must prove that her disability was a but-for cause of the agency's action.  *Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶ 40.

that condition and its effect on any major life activity. ID at 13; *see Smith v. Department of the Interior*, 112 M.S.P.R. 173, ¶ 21 (2009) (denying the appellant's status-based disability discrimination claim because she failed to prove that she was disabled). He also found that, even assuming that the appellant was a qualified individual with a disability, the responsible agency officials were unaware of her alleged disability, and the appellant otherwise presented no evidence to suggest that her alleged disability was a motivating factor in her removal. ID at 13-15; *see Forte v. Department of the Navy*, 123 M.S.P.R. 124, ¶ 33 (2016) (denying the appellant's status-based disability discrimination claim because he failed to prove that his disability was a motivating factor in his suspension).

On petition for review, the appellant states merely, "29 CFR 1607.11 Disparate Treatment. The Appellant believes that she clearly demonstrated that the Agency discriminated on her." Before the Board will undertake a complete review of the record, the petitioning party must explain why the challenged factual determination is incorrect, and identify the specific evidence in the record that demonstrates the error. *Weaver v. Department of the Navy*, 2 M.S.P.R. 129, 133 (1980). We find that the appellant's argument constitutes mere disagreement with the administrative judge's reasoned and explained findings, and therefore does not provide any basis to grant the petition for review. *See id*. at 133-34. The citation provided by the appellant is to a regulation that does not apply to the facts of this case. Under its own terms, 29 C.F.R. § 1607.11 applies only to selection procedures and concerns discrimination under Title VII, to the exclusion of discrimination based on disability. *See* 29 C.F.R. § 1607.2(A).

The appellant also argues that the administrative judge should have allowed her to call the proposing official as a witness. PFR File, Tab 1 at 3-4. Under 5 C.F.R. § 1201.41(b)(8), an administrative judge has broad authority to rule on witnesses, and his rulings on such matters will not be overturned absent an abuse of discretion. In this case, the appellant did not list the proposing official as a

witness in a prehearing submission.  In fact, she did not file a prehearing submission, and so the administrative judge ruled, prior to the hearing, that the appellant herself would be permitted to testify but that she would not be permitted to call any other witnesses.  IAF, Tab 11 at 7-8.  Therefore, when the appellant attempted to call the proposing official as a witness, the administrative judge denied her request.  Hearing Recording, Track 6 at 13:30.  Although the agency identified the proposing official as a witness in its prehearing submissions, it ultimately declined to call her.  PFR File, Tab 1 at 3; IAF, Tab 10 at 6.  The Board has consistently found that an administrative judge does not abuse his discretion by disallowing witnesses who were not included in a party's witness list.  *E.g. Stewart-Maxwell v. U.S. Postal Service*, 56 M.S.P.R. 265, 271 (1993).  This is so even if that witness was included in the opposing party's list and the opposing party declined to call the witness.  *Dubiel v. U.S. Postal Service*, 54 M.S.P.R. 428, 432 (1992).  Moreover, the appellant has not explained what testimony she hoped to elicit from the proposing official or how that testimony might be material to the outcome of the appeal.  *See Butler v. Department of the Air Force*, 73 M.S.P.R. 313, 317 (1997); *Karapinka v. Department of Energy*, 6 M.S.P.R. 124, 127 (1981) (stating that an administrative judge's procedural error is of no legal consequence unless it is shown to have adversely affected a party's substantive rights).  Therefore, we find the appellant's argument of error by the administrative judge unpersuasive.

Nonetheless, we must remand this appeal for another reason.  During the pendency of the petition for review in this case, the United States Court of Appeals for the Federal Circuit held in *Santos*, 990 F.3d at 1360-61, that in addition to the five elements of the agency's case set forth above, the agency must also justify the institution of a PIP by proving by substantial evidence that the employee's performance was unacceptable prior to the PIP.  The Federal Circuit's decision in *Santos* applies to all pending cases, including this one, regardless of when the events took place.  *Lee v. Department of Veterans Affairs*,

2022 MSPB 11, ¶ 16. Although the record in this appeal already contains evidence suggesting that the appellant's performance over the 7 months leading up to the PIP was indeed unacceptable, IAF, Tab 6 at 128, 142-60, we remand the appeal to give the parties the opportunity to present argument and additional evidence on whether the appellant's performance during the period leading up to the PIP was unacceptable in one or more critical elements, *see Lee*, 2022 MSPB 11, ¶¶ 15-17. On remand, the administrative judge shall accept argument and evidence on this issue, and shall hold a supplemental hearing if appropriate. *Id.*, ¶ 17.

The administrative judge shall then issue a new initial decision consistent with *Santos*. *See id.* If the agency makes the additional showing required under *Santos* on remand, the administrative judge may incorporate his prior findings on the other elements of the agency's case and the appellant's affirmative defenses in the remand initial decision. *See id.* However, regardless of whether the agency meets its burden, if the argument or evidence on remand regarding the appellant's pre-PIP performance affects the administrative judge's analysis of the appellant's affirmative defenses, the administrative judge should address such argument or evidence in the remand initial decision. *See Spithaler v. Office of Personnel Management*, 1 M.S.P.R. 587, 589 (1980) (explaining that an initial decision must identify all material issues of fact and law, summarize the evidence, resolve issues of credibility, and include the administrative judge's conclusions of law and his legal reasoning, as well as the authorities on which that reasoning rests).

## ORDER

For the reasons discussed above, we REMAND this case to the Northeast Regional Office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:

*Gina K. Grippando*

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.